# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>DATA DAY USA, INC., a California corporation; JIMMY MOZAFFAR, an individual; and SEPHOR IZADPAWAN, an individual,<br><br>Defendants. | Case No.  2-05-CV-1859 FCD KJM<br><br>**ORDER GRANTING DEFENDANT JIMMY MOZAFFAR'S APPLICATION FOR SUBSTITUTION OF COUNSEL AND GRANTING DOWNEY BRAND LLP'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT DATA DAY USA, INC.** |

Defendant Jimmy Mozaffar, an individual, seeks leave to substitute himself, as a pro se litigant, in place of his counsel of record, Downey Brand LLP.  In addition, Downey Brand LLP seeks leave to withdraw as counsel of record for Defendant Data Day USA, Inc., a California corporation.  The Court has reviewed and considered Defendant Jimmy Mozaffar's Application For Substitution of Counsel ("Application"), and Downey Brand LLP's Motion to Withdraw as Counsel of Record for Defendant Data Day USA, Inc. ("Motion"), and all documents filed in support thereof, including the Declarations of Michael J. Thomas and Jimmy Mozaffar, and issues the following Order.

IT IS HEREBY ORDERED, that Defendant Jimmy Mozaffar's Application to substitute himself, as a pro se litigant, in place of his counsel of record is hereby GRANTED.

721972.3                                                                     1

PDF created with pdfFactory trial version www.pdffactory.com

With respect to Downey Brand's Motion to Withdraw, the court finds that in view of the declarations of Jimmy Mozaffar and Michael Thomas, Downey Brand repeatedly recommended that Mr. Mozaffar, as agent for Data Day USA, Inc., seek alternate counsel for the corporation when Mr. Mozaffar informed Downey Brand that Data Day would not fulfill its obligations under the engagement agreement with Downey Brand.  The Court also finds that Downey Brand explained to Data Day the consequences of assenting to the termination of Downey Brand's employment and the consequences if Data Day failed to obtain alternate counsel.  In particular, Mr. Mozaffar's declaration indicates that he has been informed and understands that Data Day, as a California corporation, must be represented by counsel as a matter of law, and that Data Day will be unable to defend itself in this matter if it does not secure substitute counsel.  See E.D. Cal. L.R. 83-183(a) ("A corporation or other entity may appear only by an attorney.")  The court further finds that Data Day has been afforded ample time in which to secure substitute counsel.  Accordingly, Downey Brand LLP's motion to withdraw is hereby GRANTED.

The current address of Data Day USA, Inc. is 2319 Springs Road, Vallejo, California, 94591.  The current address of Jimmy Mozaffar, a duly authorized representative of Data Day USA, Inc., is 165 Harvard Avenue, Vallejo, California, 94589.

Pursuant to Eastern District Local Rule 72-302(c)(21), this case is hereby referred to the assigned Magistrate Judge, Kimberly J. Mueller.  As such,  plaintiff's motions to strike defendants' second and eighth affirmative defenses, set for hearing before the undersigned on March 24, 2006, are HEREBY VACATED.  Said motions shall be re-noticed before Magistrate Judge Mueller.  Parties are to contact Connie Farnsworth at 916 930-4187 with regard to further case management.

IT IS SO ORDERED.

Dated: February 14, 2006

/s/ Frank C. Damrell Jr            .
Judge, United States District Court

721972.3                                   2

PDF created with pdfFactory trial version www.pdffactory.com